(C.D. 4053)

ALDRICH CHEMICAL COMPANY, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 24, 1970)

*Bernard E. Edelstein* for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Bernard J. Babb,* trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: This protest places in issue the classification of a chemical importation described as "isopropylidene-D-glucofuranose" which was imported on or about October 6, 1965. The merchandise was classified pursuant to item 428.46 of the Tariff Schedules of the United States as "other" polyhydric alcohols, esters, and ethers, and substituted derivatives thereof, and was assessed with duty at the rate of 3 cents per pound plus 15 per centum ad valorem.

Plaintiff claims that the merchandise is properly classifiable pursuant to item 428.44 of said tariff schedules as "triols" and dutiable at the rate of 10.5 per centum ad valorem.

The relevant statutory provisions read as follows:

> Alcohols, polyhydric (including glycols, polyglycols, diols, and polyols), and esters, ethers, and ether-esters and substituted derivatives of any of the foregoing:
>
> \*   \*   \*   \*   \*   \*   \*
>
> Other:

| | | |
|---|---|---|
| 428.44 | Triols and tetrols_____ | 10.5% ad val. |
| 428.46 | Other _____ | 3¢ per lb. + 15% ad val. |

The record in this case consists of the testimony of one witness and two exhibits. The testimony of Dr. Alfred Bader, plaintiff's president and a qualified chemist, establishes without contradiction that the importation is an alcohol of a type known as a triol due to the fact that it contains three hydroxy groups, that is to say, three groups of carbon, hydrogen and oxygen atoms. The three hydroxy groups were identified by Dr. Bader on a diagram of the importation's molecular structure placed in evidence as exhibit 1.

Defendant offers no evidence and relies instead on a legal argument that notwithstanding the proof that the importation possesses the structure of a triol, plaintiff must still prove that the importation "functions" as an alcohol. Defendant cites the language of headnote 1 in schedule 4, part 2, subpart D, which states that "[o]rganic compounds in this subpart are arranged according to functional group" and other language [1] indicating that the TSUS provides for chemicals by "functional" groups in support of its argument that plaintiff must prove "how the chemical functions or performs." We fail to see that the language cited by plaintiff requires anything more than that plaintiff prove that the chemical is what it is claimed to be, which has been done. We understand the witness' testimony, that the importation *is* an alcohol, to mean that it *functions* as an alcohol. The testimony clearly establishes that the importation belongs to that functional group known as alcohols of the polyhydric variety and is, specifically, a triol.

The testimony also conforms to our understanding of the term "triol" as explained in the Encyclopedia of Chemical Technology [2] discussion of alcohols at page 304.

> \* \* \* According to the I.U.C. [International Union of Chemistry] method, the name of the alcohol is derived from the name of the hydrocarbon corresponding to the longest *straight* chain containing the alcohol function, by dropping the final "e" and adding the suffix "ol" (or "-diol," "-triol," etc., according to the number of hydroxyl groups). \* \* \*

[1] Tariff Classification Study Explanatory and Background Materials, Schedule 4, page 59.
[2] Interscience Publishers, Inc. (1947).

We note that the chemical structure of the importation also includes three groupings known as ether, that is to say oxygen flanked by carbon in three places. Since the testimony establishes that the importation is an alcohol and a triol, the ether groupings are not relevant to the classification and it would be incumbent upon defendant to prove otherwise.

In light of the above, we find that the plaintiff has established a *prima facie* case that the importation consists of a triol as set forth in item 428.44 of the Tariff Schedules of the United States.

Judgment will issue accordingly.